IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal Action No. 3:97cr169

RASHI TAQUE JONES,
       Petitioner.

## MEMORANDUM OPINION

Rashi Taque Jones, a federal inmate proceeding *pro se*, submitted this 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 501). Jones contends that he is entitled to relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | After the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Jones's conviction under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon is unconstitutional. (*Id.* at 4.) |
| Claim Two | After the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) his firearm related convictions are invalid. (*Id.* at 5.) |

Because Jones's claims lack merit, the § 2255 Motion must be DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

As pertinent here, the Government charged Jones in a Third Superseding Indictment with: conspiracy to commit bank robbery and the use of firearms during and in relation to bank robbery (Count One); bank robbery resulting in death and aiding and abetting in the same (Count Two); use and carry of a firearm during an in relation to a crime of violence, "to wit: conspiracy to commit bank robbery and bank robbery as described in Counts One and Two of th[e] Indictment" (Count Three); committing murder while using firearms during and in relation to a crime of violence, and aiding and abetting the same, "to wit: conspiracy to commit bank robbery and bank robbery as

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

described in Counts One and Two of th[e] Indictment" (Count Four); and possession of a firearm by a convicted felon (Count Six). (ECF No. 504-1, at 1–10, 12.) Following a jury trial, Jones was convicted of all of the above offenses. (ECF No. 504-4, at 1–2.) On June 16, 1998, United States District Judge Richard L. Williams sentenced Jones to sixty months on Count One, life on Counts Two and Four, and 120 months on Count Six, all to run concurrently. (*Id.* at 3.) Williams also sentenced Jones to 120 months of imprisonment on Count Three, such sentence to run consecutive to all other counts. (*Id.*)

## II. ANALYSIS OF CLAIM ONE

### A. Error under Rehaif

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. At the time of Jones's conviction, 18 U.S.C. § 924(a)(2), directed that anyone who "knowingly violate[d]" § 922(g)(1) should be fined or imprisoned for up to ten years.[2] In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2191, 2197 (2019). Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[3]

---

[2] The statutory maximum for a conviction under § 922(g) increased to 15 years effective June 25, 2022. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022); *see also* 18 U.S.C. § 924(a)(8).

[3] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:

2

### *B. Jones Fails to Demonstrate Actual Prejudice or Actual Innocence*

Jones did not raise a *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here because Jones could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). The Court need not determine whether Jones has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982).

To demonstrate prejudice, Jones has "the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).[4] The undisputed evidence establishes that the Government could have easily demonstrated that Jones was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted

---

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither. Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew that he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. But the United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[4] Jones cites the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194, 207 (4th Cir. 2020), wherein the Fourth Circuit found a *Rehaif* error to be a structural error. (ECF No. 501, at 24.) The Supreme Court, however, has reversed the decision in *Gary* and concluded that, "[a] *Rehaif* error in jury instructions is . . . not structural." *Greer*, 141 S. Ct. at 2100.

3

felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *cert. denied*, 141 S. Ct. 2807 (2021).

An abundance of evidence reflects that Jones knew of his felon status at the time of the firearm offense, and the Government easily could have proven that fact. Namely, at the time of the present offense, Jones had on multiple, separate occasions been convicted of felonies. (ECF No. 485 ¶¶ 57, 59.) Jones's knowledge of his status as a felon who could not legally possess a firearm is further demonstrated by the fact that he used a third party to purchase the firearms used in the bank robbery. (*Id.* ¶ 29; ECF No. 504-3, at 21.) This same information dispels any suggestion that Jones's actual innocence could excuse his default. Accordingly, Claim One is defaulted and will be dismissed.

### III. ANALYSIS OF CLAIM TWO

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," *id.* at 606,[5] because the residual clause of

---

[5] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

4

the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner. Specifically, the residual clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 597–98 (citation omitted). Subsequently, in *Welch v. United States*, the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." 578 U.S. 120, 135 (2016).

In 1997, at the time Jones committed his crimes, 18 U.S.C. § 924(c)(1) provided for consecutive periods of imprisonment when a defendant used or carried a firearm "during and in relation to any crime of violence."[6] The baseline additional period of imprisonment was five years. *Id.* "[I]f the firearm [was] a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon," however, the term of imprisonment increased to ten years. *Id.* The United States could demonstrate that an underlying offense constituted a crime of violence by establishing that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). The Supreme Court has since invalidated the residual clause of § 924(c), however. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, in order for Jones's § 924 convictions in Counts Three and Four to pass muster, each must be predicated on a crime of violence that satisfies the elements clause of

---

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

[6] Today, § 924(c) provides for further enhanced punishments if the defendant brandishes or discharges the firearm.

5

§ 924(c). They are.

Here, as noted above, the Third Superseding Indictment for Jones's § 924 convictions specified the conspiracy to commit bank robbery in Count One and bank robbery in Count Two as the relevant predicate crimes of violence. The Government concedes that the conspiracy charged in Count One is not a crime of violence under the elements clause. (ECF No. 504, at 21 (citing *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019)). The Fourth Circuit also concluded, however, that bank robbery is crime of violence under the elements clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *see also United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019).

"[H]abeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "This standard requires the habeas petitioner to show that '[t]here [is] more than a "reasonable possibility" that the error was harmful.'" *United States v. Said*, 26 F.4th 653, 660 (4th Cir. 2022) (alterations in original) (quoting *Davis*, 576 U.S. at 268). Under this standard, "it is proper to look at the record to determine whether the [alleged] invalid predicate actually prejudiced the petitioner -- that is, actually led to his conviction -- or whether the jury instead (or also) found the defendant guilty under a valid theory." *Granda v. United States*, 990 F.3d 1272, 1294 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022).

Therefore, "a § 924(c) conviction may stand even if the jury based its verdict on an invalid predicate, so long as the jury *also* relied on a valid predicate." *Said*, 26 F.4th at 659 (citing *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022); *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016)). Here, the Verdict Form did not require the jury to identify which predicate crime of violence it relied upon to find Jones guilty of Counts Three

6

and Four. "[M]ere 'uncertainty as to which . . . [predicate or predicates] the jury [relied on] when it found [the defendant] guilty of the § 924(c) counts' does not suffice to demonstrate plain error, let alone the sort of substantial and injurious error required for habeas relief." *Said*, 26 F.4th at 661–62 (second through fourth alterations in original) (citing *Davis*, 576 U.S. at 268; *United States v. Ali*, 991 F.3d 566, 575 (4th Cir. 2021)). At this stage, to meet his burden, Jones "must show 'more than a reasonable possibility' that the jury *only* found him guilty" of Counts Three and Four because it improperly considered conspiracy to commit bank robbery to be a crime of violence. *Id.* at 662 (citing *Davis*, 576 U.S. at 268). This he cannot do. As pertinent here, the jury found Jones guilty of the bank robbery in Count Two. Commonsense dictates that the jury had his valid predicate in mind when it convicted Jones on Counts Three and Four. *See id.* at 664 (finding error harmless when the defendant "pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates when it convicted him of the § 924 charges").[7] Because Jones has not demonstrated prejudice, Claim Two will be DISMISSED.

## IV. CONCLUSION

Jones's claims will be DISMISSED. The § 2255 Motion, (ECF No. 501), will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4 October 2022
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District Judge

---

[7] Indeed, the jury instructions indicate that the jury relied upon the bank robbery when finding Jones guilty of the § 924 convictions. When identifying the predicate crime of violence for these, the Court omitted reference to the conspiracy charged in Count One and stated, "I instruct you that armed robbery of a federally insured bank is a crime of violence which can be prosecuted in a court of the United States." (ECF No. 504-2, at 27, 29.)